# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-15-132-D |
| ) | |
| THOMAS VINCENT REES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The matter before the Court is Defendant Thomas Rees' *pro* se Motion Pursuant to 18 U.S.C. § 3583(e)(1) for Early Termination of Supervised Release [Doc. No. 11]. This is Defendant's second request to terminate a life term of supervised release that he began serving in March 2015 after he discharged a 60-month prison sentence. It is based on many of the same reasons as his first request – successful rehabilitation, completion of sex offender treatment and individual counseling, and new self-awareness and perspective regarding his child pornography offense. However, Defendant now also relies on the new fact that he has served the mandatory minimum five-year term of supervised release for his offense. *See* 18 U.S.C. § 3583(k). Because the Court found the first request was premature in light of the statutory mandate (*see* 12/17/18 Order [Doc. No. 8]), Defendant has renewed his motion immediately upon the completion of five years of supervision.

The government has responded in opposition to the Motion based on the nature of Defendant's offense under 18 U.S.C. § 2252A(a)(5)(B), the seriousness of his conduct as described in the presentence report [Doc. No. 6], and a need to deter others from similar

conduct and prevent recidivism. The government urges the Court to honor the sentencing judge's decision to impose a lifetime sentence of supervision.[1] The government argues that Defendant "has not taken any extraordinary steps or identified factors warranting abandoning the sentencing court's determination that a lifetime of supervised release is appropriate." *See* Resp. Br. [Doc. No. 13] at 5.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of the appropriate § 3553 factors in this case, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. The Court does not accept the government's position that Defendant must show extraordinary conduct or circumstances to obtain relief from the term of supervised release originally imposed. However, the Court does find that Defendant's successful completion of the mandatory minimum term of supervision is insufficient to warrant terminating all further supervision and discharging Defendant from supervised release. The Court further finds that Defendant has not shown that the interest of justice would be served by reducing his term of supervised release below 10 years, absent compelling circumstances not

---

[1] Defendant was convicted and sentenced in another judicial district and transferred here for supervision. In the Order Transferring Jurisdiction, however, the sentencing judge expressly consented to a change in the period of supervised release by this Court without further inquiry. *See* Order [Doc. No. 1].

currently present, which period is the minimum amount of time that this Court considers sufficient for a person of Defendant's age, characteristics, offense conduct, and circumstances, to remain under supervision. The Court again commends Defendant for the progress he has made in rehabilitation, and encourages Defendant to continue his positive efforts and productive lifestyle. The Court finds, however, that Defendant's Motion should be denied at this point in his supervision.

IT IS THEREFORE ORDERED that Defendant's Motion Pursuant to 18 U.S.C. § 3583(e)(1) for Early Termination of Supervised Release [Doc. No. 11] is DENIED without prejudice to a future resubmission as appropriate based on then-existing circumstances.

IT IS SO ORDERED this 23rd day of April, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge